UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

GABRIEL LORAAS,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

THE CLIMATE CORPORATION
201 Third Street, Suite 1100
San Francisco, California 94103

        Defendant

Case No. 19-cv-825

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff, Gabriel Loraas, against Defendant, The Climate Corporation.

2. Plaintiff bring these FLSA claims and causes of action against Defendant on behalf of himself and all other similarly-situated current and former hourly-paid Climate Activation Specialists of Defendant for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, Defendant operated (and continues to operate) an unlawful compensation system that deprived current and former hourly-paid Climate Activation Specialists of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in

excess of forty (40) hours in a workweek. Specifically, Defendant's unlawful compensation system improperly classified all hourly-paid Climate Activation Specialists as independent contractors for compensation purposes, depriving them of overtime pay for hours worked in excess of forty (40) in a workweek.

3. Plaintiff also brings claims and causes of action against Defendant on behalf of himself under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), for purposes of obtaining relief under the WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate, as a result of Defendant improperly classifying him as an independent contractor for compensation purposes in his hourly-paid position of Climate Activation Specialist, which deprived him of overtime pay for hours worked in excess of forty (40) in a workweek.

4. Defendant's deliberate failure to compensate its hourly-paid Climate Activation Specialists, including Plaintiff, for hours worked and work performed at an overtime rate of pay for hours worked in excess of forty (40) in a workweek violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et*

*seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, and has substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

8. Plaintiff, Gabriel Loraas, is an adult male resident of the State of Wisconsin with a post office address of 650 Northern Meadows Parkway, Apartment 105, Menomonie, Wisconsin 54751.

9. Defendant, The Climate Corporation, was, at all material times herein, a California entity with a 201 Third Street, Suite 1100, San Francisco, California 94103.

10. Defendant is digital agriculture company.

11. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

14. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

15. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

16. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

17. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

18. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid Climate Activation Specialists employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other hourly-paid Climate Activation Specialists were subjected to Defendant's same unlawful policies as enumerated herein and performed similar job duties on behalf of Defendant, for Defendant's benefit, at Defendant's direction, and with Defendant's knowledge throughout the United States.

19. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid Climate Activation Specialists' day-to-day activities.

20. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid Climate Activation Specialists.

21. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid Climate Activation Specialists.

22. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid Climate Activation Specialists' work schedules and provided Plaintiff and all other hourly-paid Climate Activation Specialists with work assignments and hours of work.

23. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid Climate Activation Specialists abided in the workplace.

24. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid Climate Activation Specialists' employment-related questions, benefits-related questions, and workplace issues.

25. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant approved Plaintiff's and all other hourly-paid Climate Activation Specialists' hours worked and/or work performed.

## GENERAL ALLEGATIONS

26. In approximately December 2018, Plaintiff contracted with Direct Contact, Inc. in order to provide services for, on behalf, and at the direction of Defendant.

27. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed services for, on behalf, and at the direction of Defendant within the State of Wisconsin.

28. Plaintiff is still currently employed by Defendant.

29. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid Climate Activation Specialists' primary job duty was to communicate with Defendant's customers (who had already purchased Defendant's product(s)) to install and/or troubleshoot the product and/or to inform and educate Defendant's customers about how to use Defendant's product(s).

30. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid Climate Activation Specialists' primary job duty was not sales.

31. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant treated Plaintiff and all other hourly-paid Climate Activation Specialists as independent contractors for compensation purposes.

32. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid Climate Activation Specialists with an hourly-rate of pay for all work performed at on its behalf, for its benefit, at its direction, and/or with its knowledge, including hours worked in excess of forty (40) in a workweek.

33. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for approving the hours worked and work performed by Plaintiff and all other hourly-paid Climate Activation Specialists on a weekly basis.

34. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant approved the hours worked and work performed by Plaintiff and all other hourly-paid Climate Activation Specialists on a weekly basis.

35. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid Climate Activation Specialists.

36. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded hours worked by Plaintiff and all other hourly-paid Climate Activation Specialists.

37. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid Climate Activation Specialists.

38. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid Climate Activation Specialists frequently worked in excess of forty (40) hours per workweek on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

39. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant directly supervised the hours worked and work performance of Plaintiff and all other hourly-paid Climate Activation Specialists.

40. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid Climate Activation Specialists took verbal and written direction from Defendant regarding their hours worked and work performed.

41. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid Climate Activation Specialists to participate in weekly and/or bi-weekly conference calls with Climate Activation Managers, the primary purposes of which was for the Climate Activation Managers to review

Plaintiff's and all other hourly-paid Climate Activation Specialists' previous hours worked and work performed, and to stablish goals, guidelines, and/or parameters for Plaintiff's and all other hourly-paid Climate Activation Specialists' prospective hours worked and work performed.

42. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid Climate Activation Specialists participated in training other Climate Activation Specialists.

43. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid Climate Activation Specialists with a "@climate.com" email address to use to communicate with Defendant, customers, prospective customers, and the general public.

44. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid Climate Activation Specialists with "The Climate Corporation" business cards to provide to Defendant's customers, prospective customers, and the general public.

45. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid Climate Activation Specialists with "Appointment Cards" to provide to Defendant's customers.

46. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid Climate Activation Specialists routinely used Defendant's equipment, such as a laptop, iPad, backpack, and installation equipment, when performing their job duties.

47. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid Climate Activation Specialists' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

48. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid Climate Activation Specialists did not have to obtain or receive permits, licenses, and/or certificates in order to perform their job duties.

49. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid Climate Activation Specialists did not perform work on behalf of Defendant, for Defendant's benefit, at Defendant's direction, and with Defendant's knowledge as a corporation or under a business name.

50. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid Climate Activation Specialists did not manage, run, or operate any department or division of Defendant.

51. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid Climate Activation Specialists' job duties did not directly relate to Defendant's management or general business operations.

52. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid Climate Activation Specialists' opportunity for profit or loss did not relate to and/or was not dependent on, in any way, their managerial skills.

53. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid Climate Activation Specialists' job duties and services were an integral part and an important component of Defendant's business: without the

performance of Plaintiff's and all other hourly-paid Climate Activation Specialists' job duties, Defendant's customers would not and/or could not use the product(s) that they purchased from Defendant.

54. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid Climate Activation Specialists were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of improperly classifying hourly-paid Climate Activation Specialists as independent contractors for compensation purposes, depriving them of overtime pay for hours worked in excess of forty (40) in a workweek.

55. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid Climate Activation Specialists were legally entitled to overtime pay from Defendant for all hours worked in excess of forty (40) in a workweek because Plaintiff and all other hourly-paid Climate Activation Specialists were employees for compensation purposes under the FLSA, not independent contractors.

56. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid Climate Activation Specialists with overtime pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

57. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid Climate Activation Specialists were with overtime pay for all hours worked in excess of forty (40) in a workweek.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

58. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All current and former hourly-paid Climate Activation Specialists who performed work on behalf of Defendant, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at an overtime rate of pay as a result of Defendant classifying said Climate Activation Specialists as independent contractors for compensation purposes.

59. The FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

60. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices denied the FLSA Collective with overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek as a result of Defendant classifying the FLSA Collective as independent contractors for compensation purposes.

61. Defendant's deliberate failure to properly compensate the FLSA Collective in such a fashion as described in the aforementioned paragraph violated federal law as set forth in the FLSA.

62. Defendant was or should have been aware that its unlawful practices as described herein deprived the FLSA Collective of the lawful and appropriate wages and compensation due and owing to them, in violation of the FLSA.

63. Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Actions Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

64. Plaintiff and the FLSA Collective is and has been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

65. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to compensate the FLSA Collective with overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

66. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

67. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of himself and the FLSA Collective – Overtime Pay)

68. Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

69. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

70. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

71. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

72. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

73. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime pay for each hour worked in excess of forty (40) hours each workweek as a result of Defendant classifying the FLSA Collective as independent contractors for compensation purposes.

74. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

75. Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

76. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

77. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

78. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

79. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
### (Plaintiff, individually – Overtime Pay)

80. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

81. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

82. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

83. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

84. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities an overtime rate of pay.

85. At all times material herein, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

86. At all times material herein, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL by virtue of Defendant classifying him as independent contractor for compensation purposes.

87. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

88. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

89. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid Climate Activation Specialists informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid Climate Activation Specialists damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid Climate Activation Specialists liquidated damages pursuant to the FLSA in an amount equal, and in addition, to the amount of overtime wages owed to them;

e) Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the WWPCL, in addition to liquidated damages;

f) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid Climate Activation Specialists for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

g) Provide Plaintiff and all other similarly-situated hourly-paid Climate Activation Specialists with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 4th day of October, 2019

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        s/ *Scott S. Luzi* _____
        James A. Walcheske, State Bar No. 1065635
        Scott S. Luzi, State Bar No. 1067405
        David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com